J-S49023-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RONALD E. BENSON | |
| Appellant | No. 2923 EDA 2015 |

Appeal from the Judgment of Sentence July 2, 2015
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0003663-2014

BEFORE:  PANELLA, OLSON, JJ. and STEVENS, P.J.E.*

MEMORANDUM BY OLSON, J.:                **FILED JULY 14, 2016**

Appellant, Ronald Benson, appeals from the judgment of sentence entered on July 2, 2015 following his jury trial convictions for involuntary deviate sexual intercourse with a child less than 13 years of age, aggravated indecent assault of a person less than 13 years of age, indecent assault of a person less than 13 years of age, and endangering the welfare of a child.[1] We affirm.

These convictions arose from Appellant's long-term sexual abuse of his 13-year-old daughter C.L, which began sometime around her tenth birthday. On July 2, 2015, the trial court sentenced Appellant to 84 to 168 months' incarceration, followed by an aggregate term of 10 years' probation.  On July

_____

[1] 18 Pa.C.S.A. §§ 3123(b), 3125(b), 3126(a)(7), and 4304, respectively.

*Former Justice specially assigned to the Superior Court.

10, 2015, Appellant filed a post-sentence motion for arrest of judgment and a new trial. The motion argued that the trial court erred in refusing to admit evidence that L.L.,[2] the victim's mother, worked as a prostitute and that she caused the victim to contract chlamydia. The court denied that motion on September 1, 2015. This appeal followed.[3]

Appellant presents the following issues for review:

I. Did the [trial court] err in denying admission by [Appellant] of evidence regarding Commonwealth witness [L.L.]'s work as a prostitute?

II. Did the [trial court] err in denying admission by [Appellant] of evidence regarding the initial charges relating to Commonwealth witness [L.L.]'s conviction of the misdemeanor offense of disorderly conduct?

III. Did the Commonwealth fail to prove the elements of the offenses beyond a reasonable doubt?

Appellant's Brief at 5.

Appellant directs his first two issues to the trial court's exclusion of defense evidence. We state our well-established standard of review:

The admission or exclusion of evidence is within the sound discretion of the trial court, and in reviewing a challenge to the admissibility of evidence, we will only reverse a ruling by the trial court upon a showing that it abused its discretion or

_____

[2] We use initials in place of L.L.'s name to protect her identity.

[3] On September 29, 2015, the trial court ordered Appellant to file a statement pursuant to Pa.R.A.P. 1925(b). Appellant timely complied on November 13, 2015. The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on December 10, 2015.

committed an error of law. Thus, [this Court's] standard of review is very narrow. To constitute reversible error, an evidentiary ruling must not only be erroneous, but also harmful or prejudicial to the complaining party.

***Commonwealth v. Lopez***, 57 A.3d 74, 81 (Pa. Super. 2012). "We will not disturb a trial court's ruling unless that ruling reflects manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support as to be clearly erroneous." ***Commonwealth v. Einhorn***, 911 A.2d 960, 972 (Pa. Super. 2006) (citation and quotations omitted).

Relevance is the threshold question for admissibility of evidence. ***Commonwealth v. Cook***, 952 A.2d 594, 612 (Pa. 2008). "Evidence is relevant if it logically tends to establish a material fact in the case, tends to make a fact at issue more or less probable, or supports a reasonable inference or presumption regarding a material fact." ***Commonwealth v. Drumheller***, 808 A.2d 893, 904 (Pa. 2002). We previously determined:

> Trial judges generally enjoy broad discretion regarding the admission of potentially misleading or confusing evidence. Trial judges also have the authority to exclude relevant evidence if its probative value is substantially outweighed by the danger of unfair prejudice or confusion. ***See*** Pa.R.E. 403 ("Although relevant, evidence may be excluded if its probative value is outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury."). Furthermore, the function of the trial court is to balance the alleged prejudicial effect of the evidence against its probative value, and it is not appropriate for an appellate court to usurp that function.

***Commonwealth v. Parker***, 882 A.2d 488, 492 (Pa. Super. 2005) (citations omitted), *affirmed on other grounds*, 919 A.2d 943 (Pa. 2007).

In his first issue presented, Appellant contends the trial court erred by excluding evidence that L.L. may have worked as a prostitute. Appellant's Brief at 14.

To support its case, the Commonwealth presented evidence that C.L. suffered from a chlamydia infection and that Appellant admitted to having chlamydia at the time the abuse occurred. As an alternative explanation for C.L.'s chlamydia, Appellant maintained that L.L. had been working as a prostitute, that her sexual activity exposed her to the disease, and that she transmitted the disease to C.L. through contact with L.L.'s infected underwear. Trial Court Opinion, 12/10/15, at 10. Accordingly, Appellant filed a motion *in limine* seeking to introduce a Backpage.com ad posted to Craigslist. *Id.* at 10, 19.

Following a hearing on Appellant's motion *in limine*, the trial court ruled the purported evidence was inadmissible because it was irrelevant and far more prejudicial than probative. *Id.* at 13. The trial court found that Appellant had no evidence to prove L.L. was a prostitute. *Id.* Moreover, the trial court found that the word "prostitute" was far more prejudicial than it was probative. N.T., 10/6/14, at 8. In its opinion, the trial court concluded: 1) the Backpage.com posting, in 2006, was too remote in time from the alleged abuse; 2) even if the posting was authentic, it did not demonstrate that L.L. ever actually engaged in prostitution; 3) the evidence was an attempt to slander the witness; 4) the posting was not relevant to

Appellant's guilt; and 5) Appellant's contention that the posting would demonstrate that "it was more likely than not that C.L contracted chlamydia from her mother's actions" was erroneous. *Id.* at 19.

Upon review, we discern no abuse of discretion. The evidence Appellant sought to admit was not probative of any material fact related to his guilt or innocence. Any link between an alleged personal ad and prostitution, or between prostitution and C.L.'s infection, was mere speculation. In fact, Appellant's expert witness testified under cross-examination that he was unaware of any diagnosed case of chlamydia contracted from contact with another's underwear. N.T., 4/2/15, at 34. Moreover, while an alternate source of C.L.'s chlamydia would tend to negate or diminish Appellant's role as the source, the proffered evidence: (1) did not show sexual contact, much less infection; (2) had a low probative value and was highly prejudicial; and (3) suggested transmission of the disease through contact with another's underwear which was medically improbable, even if L.L. were a prostitute. The trial court found that whether L.L. had posted an ad on Backpage.com would not have assisted a trier of fact in determining whether the Commonwealth had proven the charges against Appellant. We conclude the trial court did not abuse its discretion by balancing the dubious relevancy of the evidence in this case against its potential to mislead or confuse. *See Parker*, 882 A.2d at 492.

Next, Appellant argues that the trial court should have permitted defense counsel to cross-examine L.L. on her prior conviction for disorderly conduct. Appellant's Brief at 16-17.

Appellant sought to introduce evidence that L.L. absconded from the Commonwealth with one of her children, in violation of a set custody and visitation order. Appellant's Brief at 6. L.L.'s initial charges included kidnapping and interference with a custodial order. She pled guilty to disorderly conduct as part of a negotiated deal, in exchange for dismissal of all other charges. Trial Court Opinion, 12/10/15, at 20. Appellant sought to question L.L. in order to establish a pattern of animosity between her and Appellant and to demonstrate her propensity "not to follow the rules when it comes to her children." N.T., 10/6/14, at 8. Appellant claimed that L.L. influenced C.L. into falsely accusing Appellant of the crimes herein to gain custody of C.L. Appellant's Brief at 6-7.

For the purpose of attacking the credibility of any witness, evidence that the witness has been convicted of a crime, whether by verdict or by plea of guilty or *nolo contendere*, must be admitted if it involved dishonesty or false statement. Pa.R.E. 609(a). Where the crime is not one of dishonesty, the trial court has discretion to limit cross-examination of a prosecution witness if the prejudicial effect of the conviction outweighs its probative value. *See Commonwealth v. Palo*, 24 A.3d 1050, 1057 (Pa. Super. 2011); *Commonwealth v. Hyland*, 875 A.2d 1175, 1187-88 (Pa.

Super. 2005). This Court previously stated that disorderly conduct is not a crime involving dishonesty or false statement. **See, e.g., Allen v. Kaplan**, 653 A.2d 1249, 1253 (Pa. Super. 1995); **Commonwealth v. Brabham**, 407 A.2d 424, 427 (Pa. Super. 1979).

On this issue, the trial court concluded:

> The [trial c]ourt [] denied Appellant's request because the conviction does not qualify as a *crimen falsi*. In addition, the child involved in the interference with a custody order was not C.L. Furthermore, counsel for Appellant was able and did cross[-]examine [L.L.] on the [protection from abuse order] that Appellant had against her and that the custody order gave Appellant primary custody of the children. N.T., 3/31/15, at 211-12. In addition, counsel for Appellant thoroughly and effectively cross-examined [L.L.] in regards to her violation of the order when she absconded with her one son in December of 2011 and that Appellant was charged criminally and pled guilty as a result of that action. N.T., 3/31/15, at 213. The jury heard everything Appellant wanted them to in order to make his argument that [L.L.] was mad at Appellant for gaining custody of the children and fabricated the abuse as a result.

Trial Court Opinion, 12/10/15, at 20.

We agree with the trial court's assessment. The trial court did not prevent Appellant from making his argument by restricting the scope of cross-examination about the prior incident. Appellant has suffered no prejudice, and there is no basis for relief. **See Lopez**, 57 A.3d at 81.

In his third issue, Appellant claims the evidence was insufficient to support his convictions as a matter of law. Appellant's Brief at 17-18.

Initially, this Court must determine whether Appellant has properly preserved this issue for appeal.

In order to preserve a challenge to the sufficiency of the evidence, an appellant's Rule 1925(b) statement must state with specificity the element or elements upon which the appellant alleges that the evidence was insufficient. Such specificity is of particular importance in cases . . . where the appellant was convicted of multiple crimes each of which contains numerous elements that the Commonwealth must prove beyond a reasonable doubt.

***Commonwealth v. Garland***, 63 A.3d 339, 344 (Pa. Super. 2013). A failure to identify the specific element or elements that the Commonwealth failed to prove at trial in a 1925(b) statement renders an appellant's sufficiency of the evidence claim waived for appellate review. ***Id.***

Here, Appellant's 1925(b) statement reads:

The Commonwealth failed to prove the elements of the offenses beyond a reasonable doubt. Much of the testimony presented by the Commonwealth was inconsistent and it failed to present any evidence regarding the chlamydia diagnosis of the defendant.

Rule 1925(b) Statement, 11/13/15, at 2.

Appellant's concise statement fails to specify the particular element of any crime that the Commonwealth failed to prove beyond a reasonable doubt. As previously noted, proof of Appellant's chlamydia is not an element of any of the offenses. Thus, Appellant has waived his sufficiency claim. ***See Garland***, 63 A.3d at 344 (A generic statement that the evidence is legally insufficient to support the convictions is too vague to preserve an insufficiency claim for appeal.).

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/14/2016